UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 15-200 |
| KENNETH HARRIS | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 313)** filed by Petitioner, Kenneth Harris, and an opposition thereto (Rec. Doc. 315) filed by the government. Petitioner has also filed a reply (Rec. Doc. 327). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On September 18, 2015, a federal grand jury returned a twenty-one count superseding indictment charging Kenneth Harris ("Petitioner") and others with various drug-related offenses.[1] Two out of the twenty-one counts named Petitioner: (1) count one, which charged Petitioner with conspiring to distribute and to possess with the intent to distribute one kilogram or more of

---

[1] (Rec. Doc. 56).

1

heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) count eighteen, which charged Petitioner with using a communication facility in the commission of a drug-trafficking offense, in violation of 21 U.S.C. § 843(b).

On May 10, 2017, the government filed a bill of information, pursuant to 21 U.S.C. § 851, notifying Petitioner that it intended to seek an enhanced sentence because he had a prior felony drug conviction—a 1994 conviction in the state of Louisiana for possession of cocaine.[2] The following day on May 11, 2017, Petitioner entered a guilty plea to a superseding bill of information, charging him with one count of conspiring to distribute and possesses with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[3] With the enhancement on the superseding conspiracy charge, Petitioner faced a mandatory minimum sentence of a ten year term of imprisonment, an $8,000,000 fine, and an eight year term of supervised release. On December 1, 2017, the Court sentenced Petitioner to the statutory minimum of term of ten years' incarceration, followed by an eight year term of supervised release.[4]

---

[2] (Rec. Docs. 265, 269).
[3] (Rec. Doc. 269). Per the terms of his plea agreement, Petitioner acknowledged that, as a result of his prior felony drug conviction, the government was charging him as a multiple offender pursuant to 21 U.S.C. § 851. *Id.* at 1.
[4] (Rec. Doc. 311).

2

Petitioner filed a timely *Motion to Vacate, Set Aside, or Correct Sentence*, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on his attorney's failure to object to the application of the sentencing enhancement. Specifically, Petitioner contends that his attorney's conduct fell below an objective standard of reasonableness because it was improper to enhance his sentence based on his prior state drug conviction. Further, Petitioner argues that his state drug conviction does not qualify as a "controlled substance offense" under the United States Sentencing Guidelines (the "Guidelines") because it involved an insubstantial amount of cocaine. Thus, Petitioner contends that he suffered prejudice because the use of his prior drug conviction allegedly caused him to receive a higher calculation under the Guidelines, and consequently, a longer sentence.

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the

3

statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442

F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.")

## **DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Construing Petitioner's *pro se* § 2255 motion liberally, the Court finds that Petitioner is not entitled to relief regarding his claim of ineffective assistance

5

of counsel because he has shown neither deficient performance nor prejudice.

First, Petitioner incorrectly argues that his prior state conviction for possession of cocaine cannot be used to enhance a federal sentence. A conviction under 21 U.S.C. § 841(b)(1)(B) requires an enhanced mandatory minimum sentence if: (1) the defendant has a prior conviction for a felony drug offense, 21 U.S.C. § 841(b)(1)(B), and (2) "before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous conviction[] to be relied upon," 21 U.S.C. § 851(a)(1). The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law . . . of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

In the case *sub judice*, the government filed an information prior to Petitioner's guilty plea, outlining Petitioner's previous drug conviction— a 1994 conviction in the state of Louisiana for possession of cocaine, which resulted in Petitioner receiving a sentence of three years' imprisonment. Clearly, Petitioner's prior drug conviction fits squarely within the scope of 21 U.S.C. § 802(44), which by its express terms provides that a state felony drug offense is sufficient to warrant an enhancement under §

841(b)(1)(B). Accordingly, the Court concludes that Petitioner's prior Louisiana state conviction for possession of cocaine was properly considered a prior felony drug offense under § 841(b)(1)(B)'s enhancement provision. *United States v. Sandle*, 123 F.3d 809, 812 (5th Cir. 1997) (holding that the petitioner's prior Texas state conviction for cocaine possession was a prior felony drug offense under section 841(b)(1)(A)'s enhancement provision); *see also United States v. Hansley*, 54 F.3d 709, 718 (11th Cir. 1995) ("[U]nder the plain language of the statute, it appears that a 'felony drug offense' included any criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony."). In light of this, the Court further concludes that defense counsel's performance was not deficient because any objection to the enhancement would have been futile. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

The Court likewise finds Petitioner's argument regarding prejudice without merit. Essentially, Petitioner alleges that the amount of cocaine involved in his predicate state drug conviction is too small to support an enhanced sentence under the Guidelines. In light of this, Petitioner contends that he would have received a lower sentencing range under the Guidelines and, consequently, a less severe sentence if his attorney had objected to the enhancement. However, Petitioner's argument regarding prejudice as a result of an increased advisory range under the Guidelines is

7

misplaced because Petitioner's sentence was not enhanced under the Guidelines. Instead, Petitioner was sentenced to the statutorily required minimum sentence of ten years' imprisonment, followed by an eight year term of supervised release, because the statutory minimum sentence exceeded the maximum of Petitioner's advisory range under the Guidelines. "[T]he guidelines provide that '[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.'" *United States v. Levay*, 76 F.3d 671, 674 (5th Cir. 1996) (quoting U.S.S.G. § 5G1.1(b)). In cases such as Petitioner's the Court has no need to utilize the Guidelines where the statute plainly mandates a more severe sentence. Furthermore, the amount of cocaine that gave rise to Petitioner's state law drug conviction has no bearing whatsoever on whether the Petitioner's sentence was properly enhanced under § 841(b)(1)(B). Indeed, § 841(b)(1)(B) contains no such quantity or weight requirement, and courts routinely affirm enhanced sentences based on prior state convictions for simple possession of a controlled substance. *See Burgess v. United States*, 553 U.S. 124, 129 (holding that a drug crime classified as a misdemeanor by state law, but punishable by more than one year's imprisonment, is a previous "felony drug offense," which is subject to an enhancement under 21 U.S.C. § 841(b)(1)(A)); *see also Sandle*, 123 F.3d at 812

(holding that the petitioner's prior Texas state conviction for cocaine possession was properly considered a prior felony drug offense under section 841(b)(1)(A)'s enhancement provision).

In sum, Petitioner's conviction under Louisiana law for possession of cocaine was properly considered a prior felony drug offense under the enhancement provision of 21 U.S.C. 841 § (b)(1)(B). Therefore, the Court concludes that Petitioner is not entitled to relief regarding his claim of ineffective assistance of counsel.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 313)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana this 13th day of August, 2018.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a petitioner's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court after a review of the record that Petitioner is entitled to no relief, and, therefore, an evidentiary hearing is unwarranted.

9