UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-200 |
| KENNETH HARRIS | SECTION: "J" (5) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 388)** filed by Defendant, Kenneth Harris, and an opposition thereto (Rec. Doc. 390) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On December 1, 2017, Defendant plead guilty to distributing or conspiring to distribute 100 grams or more of a substance containing heroin. (Rec. Docs. 309-311). This Court sentenced him to 120 months of imprisonment. (Rec. Doc. 311). Defendant is currently housed at Yazoo City Medium FCI with a projected release date of April 5, 2024. On September 8, 2020, the Court received Defendant's motion for compassionate release seeking relief under 18 U.S.C. § 3582(c)(1)(A). (Rec. Doc. 388).

### DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met

his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero,* 2020 U.S. Dist. LEXIS 98466, at *3 (E.D. La. Apr. 14, 2020) (Vance, J.) (internal citation omitted).[1]

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao,* No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as, at the very least, the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao,* No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

Defendant has not alleged that he: (1) suffers from any medical conditions, (2) meets the minimum age requirement for consideration of compassionate release based on age, or (3) has family circumstances warranting compassionate release. Instead, Defendant's only relevant argument is that he should be granted compassionate release based on the threat posed by COVID-19. (Rec. Doc. 388).

Although the risk caused by COVID-19 is relevant, that risk is not dispositive when deciding whether to grant compassionate release. In fact, the Eastern District of Louisiana has consistently held that the generalized risk to inmates posed by COVID-19 is insufficient to satisfy the "extraordinary and compelling" standard required to warrant compassionate release. *See, e.g., United States v. Deville*, No. CR 15-293, 2020 WL 4471525, at *2 (E.D. La. Aug. 4, 2020) (Zainey, J.) ("[T]he fear of a communicable disease does not warrant a sentence modification.") (quotation marks and brackets omitted); *United States v. Wilfred*, No. CR 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (Africk, J.) ("Wilfred has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582.") (footnote omitted); *United States v. Curry*, No. CR 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22, 2020) (Vance, J.) ("At the heart of Curry's request is a generalized fear of COVID-19. He argues that if, 'hypothetically,' were he to contract the virus, he would be 'finished.' A generalized fear of the virus, by itself, does not justify release.") (footnote omitted). Instead, a motion for compassionate release must be evaluated along with the CDC

medical risk factors affecting the likelihood of severe outcomes if the inmate is infected with COVID-19.[2] *See United States v. Brown*, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020) (Vance, J.) ("[The defendant] argues for release on account of her allegedly increased risk of contracting COVID-19 based on her age, race, and gender. Even if these individual characteristics were to make her more likely to contract COVID-19, these factors do not correspond to the types of extraordinary reasons this Court must consider before granting compassionate release.").

Defendant has failed to allege that he suffers from a medical condition that puts him at a higher risk of severe illness if he is infected with COVID-19. Further, Defendant has failed to allege or provide any evidence that he suffers from any medical conditions at all. Therefore, Defendant's argument that he should be granted compassionate release based solely on the generalized threat posed by COVID-19 must fail.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 388)** is **DENIED**.

New Orleans, Louisiana, this 9th day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] *See* Center for Disease Control, *People with Certain Medical Conditions*, (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.